# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

SHANNON CHITTARO,

                    Plaintiff,

-vs-                                                    Case No.  2:07-cv-24-FtM-29DNF

COUGAR CUTTING, INC., RONALD
SCHMITT,

                    Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 35)** |
| **FILED:** | **July 27, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Plaintiff, Shannon Chittaro and the Defendants, Cougar Cutting, Inc. and Ronald Schmitt are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FSLA") claim and dismiss this case with prejudice.[1]  To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

_____

[1]  The Complaint contained claims under the FSLA, as well as claims for discrimination under Title VII and under the Florida Civil Rights Act.

pursuant to the Fair Labor Standards Act ("FSLA"). *Lynn's Food Stores , Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216 .  There are two ways for a claim under the FSLA to be settled or compromised. *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The parties represent that they participated in settlement negotiations which resulted in the Settlement Agreement, Waiver and General Release entered into July 23 and 24, 2007.  (Doc. 35, Exh. A).  The Court has carefully reviewed the Settlement Agreement.  The settlement provides that the Plaintiff will be paid $2,500 for back wages for her FSLA claim; $2,500 for her liquidated damages for

her FSLA claim; and $5,450 in attorney's fees and costs[2] for her FSLA claim.   The Plaintiff was represented by "experienced" counsel throughout this litigation.  (Doc. 35, p. 2).

The Plaintiff performed clerical work for the Defendants.  (See, Amended Complaint, Doc. 22, p. 1).  Based upon the Plaintiff's Answers to Court's Interrogatories (Doc. 26), the Plaintiff claims that she was owed overtime wages for a total of 620 hours and her normal hourly rate was $7.51/hour. She calculated that she was owed approximately $4,656.20 in back wages.  The Defendant disputed the number of hours worked and denies any liability.  (See, Doc. 35, p.2-3).  The parties agreed to settle this matter for $5000.00 in damages.  The Court finds that this settlement to be fair and reasonable. The settlement also provides that counsel would receive $5,450.00 in attorney's fees and costs.  The Court finds that the amount of $5,450.00 in attorney's fees and costs to be reasonable.[3]

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. 35) be granted, and that the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

---

[2]  The Settlement Agreement does not mention costs, however, the Joint Motion for Approval of Settlement states that the amount of $5,450.00 includes costs.  (See, Doc. 35, p. 3).

[3]  An in-depth analysis of an attorney fee request is not necessary in FSLA cases unless it is unreasonable on the face of the documents.  *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)).  In the instant case, the attorney fee request is not unreasonable on its face.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __14th____ day of August, 2007.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record